IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAIT CHRISTIAN KERR,)
)
       Plaintiff,)
)
 -vs-) Civil Action No. 14-154
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
       Defendant.)

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since October 1, 1993. (ECF No. 5-5, p. 2). Administrative Law Judge ("ALJ"), Douglas Cohen, held a video hearing on September 13, 2012. (ECF No. 5-2, pp. 38-78). On December 14, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 20-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC"). 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky,* 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Substance Abuse Disorder</u>

Plaintiff's main argument is that the ALJ erred in determining that substance use materially contributed to her disabling condition. (ECF No. 8, pp. 17-25). On March 29, 1996, Congress passed the Contract with America Advancement Act of 1996 which, in part, amended the SSA to preclude recovery of benefits by a person whose alcoholism or drug addiction contributes to his or her disabling condition. *See* Pub. L. No. 104-121, §§ 105(a)(1), (b)(1), 110 Stat. 847, 852-53 (1996) (codified as amended at 42 U.S.C. § 423(d)(2)(C) (1998)); *see also Torres v. Chater*, 125 F.3d 166, 169 (3d Cir. 1997). The amendment provides that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The "key factor" that the ALJ should use in determining whether alcoholism is a contributing factor material to the determination of a disability is whether Plaintiff would still be found disabled if he/she stopped drinking alcohol. 20 C.F.R. § 416.935(b)(1).

In making this determination, the ALJ should evaluate which of Plaintiff's current physical

3

and mental limitations would remain if Plaintiff stopped using alcohol. *Id.* Then, the ALJ should determine whether any or all of Plaintiff's remaining limitations would be disabling. *Id.* If the ALJ determines that Plaintiff's remaining limitations would not be disabling, then the ALJ should find that the substance use is a contributing factor material to the determination of disability. *Id.* If the ALJ determines that Plaintiff's remaining limitations are disabling, then Plaintiff is disabled independent of the substance use, and the ALJ should find that the substance is not a contributing factor material to the determination of disability. *Id.* According to Emergency Teletype EM-96200 (an internal guideline generated by the Social Security Administration's Office of Disability and sent to all hearing offices on August 30, 1996), "[w]hen it is not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate." *McGill v. Comm'r of Social Sec.*, 288 F. App'x 50, 52 (3d Cir. 2008), quoting EM-96200.

Here, the ALJ found that Plaintiff has the following severe impairments: "opiate dependence, bipolar disorder, generalized anxiety disorder, posttraumatic stress disorder (PTSD), borderline personality disorder, asthma, hepatitis C, obesity, and hearing loss." (ECF No. 5-2, p. 23). The ALJ further found that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity based on all of the impairments, including the substance use disorder, there are no jobs that exist in significant numbers in the national economy that claimant can perform." (ECF No. 5-2, p. 26). The ALJ ultimately concluded, however, that if Plaintiff stopped the substance use, considering her age, education, work experience, and RFC, "there would be a significant number of jobs in the national economy that [she] could perform." *Id.* at p. 31. Because Plaintiff's substance use disorder was "a contributing factor material to the determination of disability," the ALJ found that she was not disabled within the meaning of the Act. *Id.* at 31-32.

Plaintiff first argues that the ALJ erred in failing to acknowledge or rectify the opinion of state agency psychologist, Dr. Edward Jonas, Ph.D. (ECF No. 8, pp. 19-20). Plaintiff suggests

4

that Dr. Jonas indicated that while there was medical evidence of drug and alcohol abuse, this was not material and that the ALJ's failure to mention or reconcile Dr. Jonas' opinion is error. After a review of the record, I disagree.

The failure of an ALJ to mention or discuss relevant opinion evidence can warrant a remand. *Burnett v. Comm'er of Social Sec.,* 220 F.3d 112, 121-22 (3d Cir. 2000) (An ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence). Such is not the case here, however. Dr. Jonas noted that Plaintiff had failed to appear for her scheduled and rescheduled exams. (ECF No. 5-3, p. 11). As a result, he had "insufficient evidence" and determined Plaintiff to be "not disabled." (ECF No. 5-3, pp. 7-13). Consequently, Dr. Jonas found that Plaintiff was not disabled in the first instance. Thus, there was no need to proceed further to determine if she would still be disabled if she stopped her substance abuse. 20 C.F.R. §416.935. Thus, there is no relevance to Dr. Jonas' opinion. Therefore, I find the ALJ did not err in failing to mention Dr. Jonas' report.

It is true that at the end of his report Dr. Jonas stated: "DAA is involved, but is NOT material." *Id.* at p. 13. However, the response was only to the question of whether there was medical evidence of DAA. (ECF No. 5-3, p. 13). Nothing more. *Id.* Dr. Jonas did not engage in any analysis as to whether Plaintiff's substance abuse was a contributing factor material to her disability because he never found Plaintiff to be disabled even considering her substance abuse. Thus, Dr. Jonas' statement is irrelevant.[1] Consequently, I find no error in this regard and remand is not warranted.

Plaintiff next argues that the ALJ erred in failing to point to sufficient evidence to establish Plaintiff's condition improved during periods of sobriety. (ECF No. 8, pp. 20-24). In

---

[1] Even assuming it was relevant, there is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence.

support of this assertion, Plaintiff suggests that because there was very little evidence that there were periods of sobriety, there was no way for the ALJ to determine if Plaintiff would improve when she was not abusing substances. (ECF No. 8, pp. 20-23). Alternatively, Plaintiff argues that it is impossible to separate the limitations, directing a favorable finding. (*Id.* at pp. 23-25). I disagree. After careful review of the record, there is substantial evidence to support the ALJ's finding that Plaintiff's limitations caused by substance abuse can be separated from her remaining limitations, and that the remaining limitations are not disabling. (ECF No. 5-2, pp. 25-32).

While periods of sobriety are a "key factor" in determining if substance abuse is material, it is not the only factor that can or should be considered. As I mentioned earlier, the ALJ should evaluate which of Plaintiff's current physical and mental limitations would remain if Plaintiff stopped using alcohol. 20 C.F.R. §416.935. Then, the ALJ should determine whether any or all of Plaintiff's remaining limitations would be disabling. *Id.* In this case, the ALJ did just that. (ECF No. 5-2, pp. 27-32). For example, while the ALJ acknowledged that while Plaintiff has not had an "extended" period of sobriety, he pointed to evidence of record to show that if she was sober, her condition would improve. (ECF No. 29-32). Based on a review of the record, I find the basis for the ALJ's determination is based on substantial evidence. *Id.*

As this Court has emphasized, the question is not whether a plaintiff's disability disappears when substance abuse is removed from the picture; but, rather, whether given the severity of the remaining limitations as shown by the evidence of record, the plaintiff is capable of performing substantial gainful activity available in the economy. *See Davis v. Astrue*, 830 F. Supp. 2d 31, 48-49 (W.D. Pa. 2011). Here, I find that there is substantial evidence to support the ALJ's conclusion that absent Plaintiff's substance abuse, Plaintiff would be able to perform a limited range of light work with certain exceptions that is available in the national economy. *See, e.g., Davis*, 830 F. Supp. 2d at 48-49; *McGill,* 288 F. App'x at 52-53. Accordingly, remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAIT CHRISTIAN KERR,                )
                                    )
    Plaintiff,                      )
                                    )
-vs-                                )    Civil Action No. 14-154
                                    )
CAROLYN W. COLVIN,                  )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
    Defendant.                      )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 18th day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                        BY THE COURT:

                                        s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge